IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**RONNIE EDWARD HALL, JR.,**

     Plaintiff,

v.                                             Civil Action No. **3:23CV765 (RCY)**

**DEPARTMENT OF MOTOR VEHICLES,** *et al.*,

     Defendants.

**MEMORANDUM OPINION**

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation of the Particularized Complaint (ECF No. 9) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

**I.  PRELIMINARY REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

   "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

   The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*,

309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147,

1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory

and constitutional claims the inmate failed to clearly raise on the face of his complaint.  *See Brock*

*v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  ALLEGATIONS AND CLAIMS

Plaintiff's claims stem for a car accident that occurred on January 25, 2013.  ECF No. 1-

1, at 4.  Plaintiff was a passenger in van that was struck by a tan sport utility vehicle.  *Id.*  In his

Particularized Complaint, Plaintiff names as Defendants unknown individuals at the Department

of Motor Vehicles, the Virginia State Police, and Virginia Department of Juvenile Justice.  ECF

No. 9, at 1–2.  Plaintiff alleges that he wrote these individuals seeking records of the car accident

and was informed that they could not find any records pertaining to the accident.  *Id.* at 2.  In the

case of the Virginia State Police, that entity stated that the Virginia Freedom of Information Act

is not available to incarcerated individuals.  ECF No. 1-1, at 5.  Plaintiff contends that these

individuals violated his "civil right . . . [to] proper paperwork in order to file legal work."  ECF

No. 9, at 2 (capitalization corrected).

## III.  ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Plaintiff's theories for relief.  *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).  Plaintiff's Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

Plaintiff has "no general federal right to an accurate or satisfactory police report." *Steinhardt v. Bernardsville Police Dep't*, No. 20-2825, 2021 WL 3929321, at *3 (3d Cir. Sept. 2, 2021) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195–96 (1989); *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1368–69 (3d Cir. 1992); *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015); *Landrigan v. Warwick*, 628 F.2d 736, 744 (1st Cir. 1980)).  Furthermore,

> the Supreme Court specifically disclaimed the notion that the right of access to the courts requires "that the State must enable the prisoner to discover grievances, and to litigate effectively once in court."  Rather, the right of access affords only "the capability of bringing contemplated challenges to sentences or conditions of confinement."

*Giarratano v. Johnson*, 521 F.3d 298, 306 (4th Cir. 2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 354, 356 (1996)).  Thus, the exclusion of inmates from the Virginia Freedom of Information Act does not offend the First Amendment or the Due Process Clause of the Fourteenth Amendment. *Id.*  Accordingly, the action will be DISMISSED for failure to state a claim and as legally frivolous.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's claims and the action will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ RCY

Roderick C. Young
United States District Judge

Date:   November 4, 2024
Richmond, Virginia